# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

CARMEN ANGELA DE LOS DOLORES
JULIA-GARCIA, et al.,
    Plaintiffs,

v.

HOSPITAL GENERAL MENONITA, INC., et al.,
    Defendants.

MENNONITE GENERAL HOSPITAL, INC.,
    Third Party Plaintiff,

v.

EMERGENCY SERVICES GROUP, INC.,
    Third Party Defendant.

EMERGENCY SERVICES GROUP, INC.,
    Fourth Party Plaintiff,

v.

NARCISO REYES-CARRILLO,
    Fourth Party Defendant.

Civil No. 15-2303 (ADC)

## OPINION AND ORDER

Before the Court are co-defendant Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria's ("SIMED") Motion for Partial Summary Judgment, **ECF No. 88**, Memorandum of Law in Support for Motion of

Partial Summary Judgment, **ECF No. 89**, and Statement of Uncontested Material Facts, **ECF No. 90**. SIMED's motion for partial summary judgment remains unopposed. The Court now **GRANTS** SIMED's motion for partial summary judgment, and **DISMISSES THE COMPLAINT** against SIMED.

**I.     Summary Judgment Standard**

A party is entitled to summary judgment "when there is no genuine issue of any material fact on the record and that party is entitled to judgment as a matter of law." *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016) (citations omitted); *see* Fed. R. Civ. P. 56(a). "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the outcome of the case." *Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) (internal quotation marks omitted). Although the Court states the facts in the light most favorable to the party against whom summary judgment is entered, *id.*, the Court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Adria Int'l Grp., Inc. v. Ferre Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

In order to defeat a properly supported motion for summary judgment, the non-moving party must set forth facts showing that there is a genuine dispute for trial. *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011). "When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." *Pérez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533–34 (1st Cir.

2006) (citing *NEPSK, Inc. v. Houlton*, 283 F.3d 1, 7–8 (1st Cir. 2002)). The Court must still scrutinize the summary judgment motion under the terms of the Federal Rules of Civil Procedure but, "[i]n most cases, a party's failure to oppose summary judgment is fatal to its case." *Id.* at 534.

## II. Findings of Fact

The third amended complaint alleges that, on September 20, 2014, Dr. Narciso Reyes-Carrillo ("Dr. Reyes") provided negligent medical treatment to Luis Carlos Julia-García. **ECF No. 74** at 4. The complaint also alleges that SIMED had a policy that covered Dr. Reyes's professional responsibility. *Id.* On May 24, 2017, the Clerk of Court entered default against Dr. Reyes for his failure to timely answer the complaint.

The third amended complaint claims that the allegedly negligent medical treatment of Luis Carlos Julia García occurred on September 20, 2014, and September 27, 2014. **ECF No. 74** at 4. SIMED was served with summons and the Third Amended Complaint filed on December 20, 2017. After performing a thorough search of its files, SIMED found that it did not have a Claims Made policy in force issued on behalf of Dr. Reyes when SIMED received the third amended complaint. *See* **ECF No. 90-1**. SIMED supports its position with the Sworn Statement of Mrs. Lara M. López-Valentín, SIMED's Underwriter Manager, as to the veracity of the above Uncontested Facts. *Id.*

## III. Discussion

"'Claims-made'" policies cover claims arising out of incidents that occurred during or prior to the policy period, depending on the terms of the policy, but only if a claim is made

during the policy period. With claims-made policies, the insured event is the claim." *Edwards v. Lexington Ins. Co.*, 507 F.3d 35, 38 (1st Cir. 2007) (citing *DiLuglio v. New Eng. Ins. Co.*, 959 F.2d 355, 358 (1st Cir. 1992); 7 Russ & Segalla, *Couch on Insurance* § 102:20 (3d ed. 1997 & Supp. 2007)). Here, it is uncontested that SIMED was notified of the claim against Dr. Reyes on December 20, 2017, when it was served with summons and received a copy of the complaint. The uncontested facts also show that on that date SIMED did not have a claims-made policy in favor of Dr. Reyes. Thus, SIMED has no valid policy in favor of Dr. Reyes, and SIMED is not liable for Dr. Reyes's alleged negligence. *See Bauz-González v. Presbyterian Community Hosp., Inc.*, 60 F.Supp.3d 324, 327 (D.P.R. October 30, 2014) (dismissing claims against SIMED because at the time SIMED received notification of the claim, there was no insurance policy in favor of co-defendant doctor).

**IV. Conclusion**

In light of the above, SIMED's motion for partial summary judgment, **ECF No. 88**, and SIMED's motion to deem the motion for summary judgment as unopposed, **ECF No. 100**, are **GRANTED**. Furthermore, **ECF No. 89** is **NOTED**. The claims against SIMED are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of August of 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**